HARBAUGH *v.* JUDGE OF WAYNE CIRCUIT.

## The People on the relation of David E. Harbaugh v. The Judge of the Wayne Circuit.

*Settling bills of exceptions: Practice: Abuse of discretion: Mandamus.* While it is irregular and an abuse of discretion to discard a proper bill of exceptions tendered for settlement by the party taking the exceptions, and to adopt as a substitute one submitted by the adverse party, yet where the bill as settled is not so far defective as to fail fairly to present substantially all the questions sought to be raised, the case is not one calling for the extraordinary writ of *mandamus.*

*Settling bills of exceptions: Practice.* The proper course in settling bills of exceptions is to adopt as the framework the bill tendered by the party taking the exceptions, if proper in form, with such changes and amendments as the facts warrant.

*Bills of exceptions: Stenographer's minutes.* The practice of tacking a formal beginning and conclusion upon the stenographer's minutes of the entire evidence on the trial, and signing that for a bill of exceptions, is criticised and condemned.

*Heard and decided June 15.*

Application for *Mandamus.*

*Mandamus* is sought to require the respondent to settle and sign a bill of exceptions in a cause to which the relator is a party. . It appeared that the relator's counsel prepared a bill of exceptions, embracing the exceptions which had been taken in the cause on relator's behalf, and submitted the same for settlement. After some controversy over the bill submitted, and the suggestion of some oral amendments, to which no objection was made, the counsel for the adverse party, without submitting any written amendments to such bill, presented an entirely new bill as a substitute for the one submitted by the relator's counsel. The respondent, against the objections of relator's counsel, signed this new bill. Both bills were before the court on this hearing.

*George H. Prentis* and *Alfred Russell,* for relator.

*E. W. Meddaugh* and *Theodore Romeyn,* for respondent.

THE COURT held that while the course pursued was irregular and an abuse of discretion, the bill as settled does

not appear to be so far defective as to fail to fairly present substantially all the questions sought to be raised, and that, therefore, the case is not one calling for the extraordinary writ of *mandamus;* but that the bill first submitted was also a proper one in form, and presented the questions for review in equally as good if not better shape than the one which was signed, and that it should have been adopted as the framework of the bill to be settled, with such changes and amendments as the facts warranted.

The practice too frequently adopted, of tacking a formal beginning and conclusion upon the stenographer's minutes of the entire evidence on the trial, and signing that for a, bill of exceptions, is criticised and condemned as improper and unwarranted.

Writ denied.